UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DIANE FARRIS, individually and as Executor of
The Estate of John Gallo,

                                    Plaintiff,                  23-CV-02023 (LAK)(SN)

       -against-                                    **REPORT AND
                                                                    RECOMMENDATION**

AVON PRODUCTS, INC., et al.,

                                    Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE LEWIS A. KAPLAN:**

      Plaintiff Diane Farris ("Plaintiff" or "Executor"), who brought this action individually and as Executor of the Estate of John Gallo, Jr., ("Decedent"), moves for approval of the parties' settlement and for an award of costs and attorney's fees. ECF No. 363. Plaintiff sued over 70 defendants, but the motion is for approval of settlement between just Plaintiff and certain collections of Defendants: Johnson & Johnson and LTL Management, LLC; Pfizer Inc. and Barretts Minerals Inc., Specialty Minerals Inc. ("Pfizer Protected Parties"); and Bristol-Myers Squibb Company (collectively, the "Settling Defendants"). Id. I recommend that the Court approve the settlement in the amount of $600,000.00; permit Plaintiff to execute and deliver the necessary settlement releases and closing paperwork required to compromise the matter; and approve of the attorney's fees in the amount of $199,999.99 plus expenses of $39,758.58.

**I.     Factual and Procedural Background**

      Decedent, John Gallo, Jr., was diagnosed with mesothelioma in May 2022 due to exposure to asbestos containing-materials from the 1950s to 2020s. ECF No. 363-1, ¶ 1. He died

on June 23, 2022. Id. ¶ 2. Potential beneficiaries of decedent's estate include Diane Farris, decedent's daughter; Dale Kessler, decedent's daughter; and his late son's children, Richard Gallo, Jr. and Justin Gallo. Id. ¶ 3. Decedent disinherited Richard Gallo, Jr. and Justin Gallo from his Last Will and Testament. Id. Both Richard Gallo, Jr. and Justin Gallo have brought no wrongful death damages actions related to this matter. Id. Therefore, in accordance with Decedent's Last Will and Testament, the beneficiaries of Decedent's estate are Diane Farris and Dale Kessler. ECF 363-10. Diane Farris is named Executor. Id.

Plaintiff asserts causes of action in strict liability, negligence, breach of warranty, society, and punitive damages. The Settling Defendants propose to settle for $600,000.00, which is distributed as: Johnson & Johnson and LTL Management, LLC in the amount of $400,000; the Pfizer Protected Parties in the amount of $175,000; and the Bristol-Myers Squibb Company in the amount of $25,000. Id. ¶ 8.

**II.    Legal Standard**

In an action for wrongful death, Rule 83.2(b) of the Local Civil Rules of the Southern and Eastern Districts of New York states: "[w]here required by statute or otherwise, the Court shall apportion the avails of the action, and shall approve the terms of any settlement[,]" and "[t]he Court shall approve an attorney's fee only upon application in accordance with the provisions of the New York State statutes and rules." Local Civ. R. 83.2(b)(1)–(2). New York law requires that a court approve a compromised settlement for a wrongful death action "after inquiry into the merits of the action and the amount of damages proposed . . . as it shall determine to be adequate including approval of attorneys fees and other payable expenses. . . ." N.Y. Est. Powers & Trusts L. § 5-4.6; see also N.Y. Est. Powers & Trusts L. § 5-4.4 ("The damages . . . whether recovered in an action or by settlement without an action, are exclusively for the benefit of the decedent's

2

distributees . . . such damages shall be distributed by the personal representative to the persons entitled thereto in proportion to the pecuniary injuries suffered by them . . . the reasonable expenses of the action or settlement . . . may be fixed by the court which determines the proportions of the pecuniary injuries suffered by the distributees. . . .")

**III.    Settlement Amount**

"The court must determine whether the proposed settlement is fair, reasonable and adequate by comparing the terms of the compromise with the likely rewards of litigation." Ratcliffe v. Pradera Realty Co., No. 05 Civ. 10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008) (citing Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (citations omitted)). "A strong presumption exists that a settlement is fair and reasonable where (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and (iii) there has been sufficient discovery to enable counsel to act intelligently …." Id. (citations omitted).

Plaintiff's counsel has submitted an attorney affirmation, which sets forth the history of Mr. Gallo's life, death, wrongful death investigation and litigation. ECF No. 363-1. Additional exhibits are included that support counsel's affirmation. ECF Nos. 363-1 - 363-11. Moreover, counsel's affirmation outlines the proposed settlement and its distribution between the Estate of Mr. Gallo, attorney's fees, case expenses, and both current and pending medical liens. ECF No. 363-1. Given the Executor's "acceptance of the settlement offer," Plaintiff's counsel asks the Court to approve the settlement and distribution of settlement funds. Id. ¶ 14.

Plaintiff's attorney affirmation and related exhibits disclose that: (i) the total amount of the settlement between Plaintiff and the Settling Defendants is $600,000.00; (ii) the amount of attorney's fees to be paid to Simon Greenstone Panatier, P.C. and Danziger & De Llano LLP totals $199,999.99; (iii) the amount of case expenses to be paid to Simon Greenstone Panatier, is

3

$39,758.58; (iv) the cost of medical liens to be paid to Medicare is $3,992.38 and $8,196.34 to Rawling; and (v) the cost of pending medicals liens is $700.00. Id. ¶¶ 18-20. Total recovery to decedent's estate, after the deduction of attorney's fees, case expenses and medical liens is $347,352.71. Id. ¶ 22.

On review of Plaintiff's attorney affirmation and related exhibits, I recommend that the Court find the proposed settlement fair, reasonable, and adequate. There is nothing in the record to rebut the presumption that the settlement was reached only after arm's length negotiation by competent counsel. Moreover, the settlement was entered into after Plaintiff's counsel, who, with over 20 years of experience in asbestos related litigation, engaged in extensive investigation and discovery, including review of decedent's medical records, depositions, and retention and consultation with experts. ECF No. 363-1, ¶¶ 11-12. Thus, "[w]hen balanced against the under certain prospects and added expense of continued litigation, the settlement provides a certain cash recovery to the plaintiffs that is fair, reasonable, and adequate." Ratcliffe, 2008 WL 801498, at *1.

IV.   **Attorney's Fees**

The terms of the settlement also call for Plaintiff's counsel to receive a contingency fee of 33.33% (one-third) of the gross settlement amount as well as reimbursement of case expenses, as provided in the applicable retainer agreement. ECF No. 363-8.

Pursuant to the validly executed retainer agreement between the Executor, Simon Greenstone Panatier and Danziger & De Llano, the attorney's fees amount to 33.33% (one-third) of the gross settlement amount in addition to case costs and expenses. Id. In the context of this settlement with the three Defendants, total attorney's fees are $199,999.99 plus $39,758.58 in reimbursements for case costs and expenses. ECF No. 363-1, ¶ 22. The division of attorney's

fees between Simon Greenstone Panatier and Danziger & De Llano LLP is $120,000.00 and $79,999.99 respectively, with Simon Greenstone Panatier receiving the $39,758.58 reimbursement for case costs and expenses. Id.

I recommend that the Court finds that the proposed amount of attorney's fees of $199,999.99, or 33.33% (one-third) of the settlement amount, to be reasonable pursuant to New York law, which provides that "[a] percentage not exceeding 33% of the sum recovered" in a wrongful death action is deemed to be a "reasonable fee[ ] …." 22 N.Y.C.R.R. §603.25(e)(2). Accordingly, the proposed attorney's fees are in accord with applicable New York law and in compliance with Local Civil Rule 83.2(b)(2). See also Dullard v. Berkeley Associates Co., 606 F.2d 890, 895 n.5 (2d Cir. 1979) ("in a wrongful death suit contingent fees of as much as one-third of the net recovery (after deducting expenses) are presumptively permissible").

Finally, the expenses for which Plaintiff's counsel seek reimbursement include mailing, service of documents, court filings, court reporting services, depositions, and expert services. ECF No. 363-9. These expenses are standard litigation expenses and appropriate in this action, particularly considering the complex nature and numerous defendants.

Accordingly, I recommend that the motion be GRANTED, and the Court approve the Plaintiff's proposed settlement in the amount of $600,000.00 as fair, reasonable, and adequate; permit Plaintiff to execute and deliver the necessary settlement releases and closing paperwork required to compromise the matter; and approve of the attorney's fees in the amount of $199,999.99 plus case expenses of $39,758.58.

SARAH NETBURN  
United States Magistrate Judge

DATED: September 30, 2024  
New York, New York

5

\*             \*             \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Kaplan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).