**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/2024
```

DIANE FARRIS, individually and as Executor of
The Estate of John Gallo,

                                    Plaintiff,                     23-CV-02023 (LAK)(SN)

                    -against-                                      __OPINION & ORDER__

AVON PRODUCTS, INC., et al.,

                                    Defendants.

-------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff Diane Farris ("Plaintiff" or "Executor"), who brought this action individually

and as Executor of the Estate of John Gallo, Jr. ("Decedent"), moves to seal and partially redact

the motion for distribution and related exhibits (collectively "motion for distribution"). ECF Nos.

363, 368. The motion for distribution was submitted to this Court for approval of settlements

between Plaintiff and certain settling Defendants in a wrongful death action. ECF No. 363.

Plaintiff asks to redact the identities of the settling parties and non-party entity, the settlement

amount, privileged attorney-client communications and agreements, confidential financial

information such as attorney's fees and case expenses, and personal identifying information of

individuals. ECF No. 368.

## I.      PROCEDURAL HISTORY

      On September 16, 2024, Plaintiff filed a partially redacted motion for distribution along

with exhibits, a motion to seal, and an *ex parte* unredacted motion for distribution with exhibits.

ECF Nos. 361 - 363. On September 17, 2024, the Honorable Lewis A. Kaplan denied the motion

to seal without prejudice. ECF No. 364. Judge Kaplan provided Plaintiff the opportunity to file a

renewed motion to seal that articulated a proper basis for sealing. Id. No renewed motion was forthcoming, and, on September 30, 2024, this Court issued a Report & Recommendation approving the settlement amount, attorney's fees, and case expenses. ECF No. 367. Plaintiff subsequently renewed her motion to seal. ECF No. 368.

## II.    LEGAL STANDARD

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." United States v. Erie County, 763 F.3d 235, 238–39 (2d Cir. 2014). "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself." Id. at 239. The First Amendment to the Constitution "also protects the public's right to have access to judicial documents." Id. A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper. See DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). Ultimately the decision to seal the record "is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Comm., Inc., 435 U.S. 589, 599 (1978). Where a court finds that a party is not entitled to seal under the less stringent common law standard, it need not also determine whether the First Amendment is applicable. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006); see also Lytle v. JPMorgan Chase, 810 F. Supp. 2d 616, 621 n.5 (S.D.N.Y. 2011) ("Because I conclude that the common law right of access mandates disclosure, . . . I need not determine whether they are also subject to a First Amendment presumption of access, which the Second Circuit has characterized as more stringent than the common law.") (internal quotation marks omitted).

### A.  Common Law Right of Access

First, before any common law right can attach, the court must conclude that the documents at issue are "judicial documents." The Court of Appeals for the Second Circuit has

held "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). To be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id.; see also Lugosch, 435 F.3d at 119. Judicial documents are presumptively public so that the federal courts "have a measure of accountability," and so that the public may "have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) (Amodeo II).

Second, once a document is deemed a judicial document, "the common law right attaches with different weight depending on two factors: (a) the role of the material at issue in the exercise of Article III judicial power and (b) the resultant value of such information to those monitoring the federal courts." Newsday LLC v. County of Nassau, 730 F.3d 156, 165 (2d Cir. 2013) (internal quotations and citation omitted). When a document plays a role in a court's adjudication of litigants' substantive rights, the presumption is strong, but "as one moves along the continuum, the weight of the presumption declines." Amodeo II, 71 F.3d at 1049.

Third, the court must balance any "competing considerations" against the weight of the presumption of access. Lugosch, 435 F.3d at 120. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. (quoting Amodeo II, 71 F.3d at 1050). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." Amodeo II, 71 F.3d at 1051.

**B. First Amendment Right of Access**

To determine whether the First Amendment right to access applies to judicial records, courts apply a two-part approach. The approach considers "both whether the documents have

historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." Lugosch, 435 F.3d at 120 (internal quotation marks omitted). The presumptive right of access prevails unless it is overcome by "specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124. "Broad and general findings by the trial court . . . are not sufficient to justify closure." Id. (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). Examples of higher values may include law enforcement interests, the privacy of innocent third parties, and the attorney-client privilege. See Amodeo II, 71 F.3d at 1050; Lugosch, 435 F.3d at 125.

## III.    DISCUSSION

### A.  Settlement Amount

First, "although in many—if not most—cases, a settlement agreement would not qualify as a 'judicial document,'" a settlement that "is submitted for court approval is indisputably a document that is 'relevant to the performance of the judicial function and useful in the judicial process,' and thus a 'judicial document' subject to the presumption of access." Jones v. Smith, 319 F. Supp. 3d 619, 624 (E.D.N.Y. 2018) (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012)). The motion for distribution, which provides the settlement amounts, attorney's fees, and case expenses for approval between Plaintiff and the settling Defendants, is a judicial document. Those documents were submitted for the court's approval of settlement in a wrongful death action and are "relevant to the performance of the judicial function and useful in the judicial process." Lugosch, 435 F.3d at 119 (internal quotation marks omitted).

Second, the presumption of access to these judicial documents is strong. In wrongful death actions, the court is required to approve the settlement amount, attorney's fees, and case expenses. See Local Civ. R. 83.2(b)(1)-(2); N.Y. Est. Powers & Trusts L. § 5-4.4. Approval requires that the court assess whether the amounts are "fair, reasonable, and adequate." Ratcliffe v. Pradera Realty Co., No. 05-cv-10272 (JFK), 2008 WL 801498, at *1 (S.D.N.Y. Mar. 25, 2008). To make that determination, a review of unredacted names of parties, settlement amounts, and related distributions is necessary. Plaintiff seeks to have those details redacted as they are not related to the public's interest and instead implicate private interests. The Court is unpersuaded. Courts in this circuit routinely hold that the "public has an interest in knowing the contents of materials upon which a court makes a decision, including a determination of whether to approve a settlement." Chase v. Corr. Med. Care, Inc., No. 14-cv-474, 2015 WL 9308269, at *2 (N.D.N.Y. Dec. 22, 2015); see also Olano v. Designs by RJR, Ltd., No. 17-cv-5703, 2017 WL 4460771, at *2 (S.D.N.Y. Oct. 6, 2017) (highlighting that, in the context of Fair Labor Standards Act ("FLSA") settlements which, like wrongful death settlements, are subject to court approval, the "overwhelming majority of courts in this Circuit that have analyzed the propriety of redacting FLSA settlement amounts or filing FLSA settlement agreements under seal have disapproved of those requests" due to the strong presumption of public access); Richards v. Cordis Corporation, 5:17-cv-178 (BKS) (ATB), 2022 WL 602563 (N.D.N.Y. Mar. 1, 2022) (denying a seal request in the context of a wrongful death action citing to the same standards that do not justify sealing in FLSA actions); Curasi v. Hub Enters., Inc., No. 11-cv-2620 (JS)(GRB), 2012 WL 728491, at *1 (E.D.N.Y. Mar. 5, 2012) (noting that "because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies").

Because this judicial document plays a central role in the Court's adjudication of the motion for distribution, the presumption of public access is strong. If it was not made available, the public could not monitor the actions of the federal court or understand what is fair, reasonable, and adequate in wrongful death action settlements. See Newsday, 730 F.3d at 165.

Third, the fact that Plaintiff may be disadvantaged in other settlement negotiations because the settling parties' identities are not redacted is not a particularized showing of a need for confidentiality. See In re September 11 Litig., 723 F. Supp. 2d 526, 532 (S.D.N.Y. 2010) (finding that the risk that disclosure of settlement information would "chill future settlement of the remaining lawsuits" against defendants and cast them "in a false light . . . cannot overcome the presumption favoring public access to judicial documents.") Plaintiff also moves for sealing pursuant to Gambale v. Deutsche Bank AG, 377 F.3d 133 (2d Cir. 2004), because each settlement is conditioned on confidentiality. Plaintiff has not provided copies of these settlement agreements or evidence of any confidentiality clauses. Nonetheless, "courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); see also Wells Fargo Bank, N.A. v. Wales LLC, 993 F. Supp. 2d 409, 414 (S.D.N.Y. 2014) (holding fact that the agreement "contains a confidentiality clause is not binding here, given the public's right of access to 'judicial documents.'"); Wolinsky, 900 F. Supp. 2d at 338 ("The mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public' . . . as the presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties in keeping their settlement private."); Under Seal v. Under Seal, 273 F. Supp. 3d 460, 471–72 (S.D.N.Y. 2017) ("However, courts in this

district have repeatedly found that the preservation of such bargained-for confidentiality does not overcome the presumption of access to judicial documents.").

Finally, in further support of its argument for confidentiality, Plaintiff cites cases that are distinguishable, as they do not involve settlements subject to court approval. See e.g., United States v. Glens Falls Newspapers, Inc., 160 F.3d 853 (2d Cir. 1998) (finding that non-finalized draft form settlement documents and settlement conference statements, in the context of a globally negotiated settlement, merited sealing and should not be part of the public record); Gambale, 377 F.3d at 143 (finding that sealed settlement documents filed with an opposition to summary judgment were "not themselves part of the court record" and "not the basis for the court's adjudication."); Herbert v. Lynch, 7:22-cv-6303 (NSR)(VR), 2022 U.S. Dist. LEXIS 132512 (S.D.N.Y. July 24, 2024) (finding that letters referencing a settlement amount sent to the court by a *pro se* plaintiff, in the context of a motion to enforce a settlement agreement, warranted redaction because "to enforce a settlement agreement, the Court need not know the settlement amount."); Mercer Health & Benefits LLC v. Brown, 22-cv-3844 (PGG), 2022 U.S. Dist. LEXIS 132143 (S.D.N.Y. July 21, 2022) (holding that narrowly tailored sealing for commercially sensitive and valuable competitive industry information is permissible where the court was provided with copies of the settlement agreement and confidentiality terms); Eiji Suda v. Sushiden Corp., 10-cv-5692 (JGK), 2011 U.S. Dist. LEXIS 31298 (S.D.N.Y. Mar. 23, 2011) (addressing neither the common law right of access nor particularized reasons to justify keeping the FLSA settlement agreement at issue confidential).

Accordingly, the Court denies the Plaintiff's motion to seal and redact the names of settling parties, settlement amount, and financial information of the parties.

### B. Attorney's Fees, Case Expenses, and Attorney-Client Communications

The Plaintiff also seeks to seal and redact the attorney's fees, case expenses, and privileged attorney-client communications regarding the settlement agreements. The Second Circuit has "consistently held that, absent special circumstances, client identity and fee information are not privileged." In re Grand Jury Subpoena Served Upon Doe, 781 F.2d 238, 247-48 (2d Cir. 1986). Additionally, "while consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously." Id.; see also Funke v. Life Fin. Corp., No. 99-cv-11877 (CBM), 2003 WL 21005246, at *1 (S.D.N.Y. Apr. 30, 2003) (noting that "fee arrangements per se are not privileged"). Upon review of the retainer agreement, listing the attorney's fees and case expense structure, there is no privileged information that warrants sealing. Furthermore, a plaintiff "may not redact . . . the fees that it actually charged for its work [to enforce the judgment], as that relates directly to the issue on which the Court was asked to rule." Skyline Steel, LLC v. PilePro, LLC, No. 13-cv-8171 (JMF), 2015 WL 3739276, at *7 (S.D.N.Y. June 15, 2015). The proposed redactions make it impossible for the public to understand what the Court found fair, reasonable, and adequate. From a review of the attorney affirmation and exhibits, no privileged attorney-client information is found. Any communications between Plaintiff and counsel that demonstrate the settlement was agreed to by Plaintiff should be disclosed. This fact goes to the crux of determining whether the settlement was reached after an arm's length negotiation and not the result of collusion. Ratcliffe, 2008 WL 801498, at *1.

Accordingly, the Court denies the Plaintiff's motion to seal and redact the attorney's fees, case expenses, and any alleged privileged attorney-client communications.

### C.  Other Matters

Plaintiff also asks to redact the name of a non-party entity. The Court is not required to approve the settlement agreement between a non-party entity and Plaintiff. Accordingly, it is appropriate for Plaintiff to redact the non-party entity name and associated settlement amount from the motion for distribution.

Additionally, Plaintiff asks to redact personal identifying information. Typically, sealing of personal information "such as the applicants' home addresses, personal phone numbers, and email addresses, that is not public" is warranted unless that information has bearing on issues before the court. Anderson v. New York City Health & Hosps. Corp., No. 16-cv-1051 (GBD)(KHP), 2020 WL 1047054, at *3 (S.D.N.Y. Mar. 4, 2020). Plaintiff proffers no explicit examples of this category of information in their motion to seal. However, upon review of the unredacted exhibits to the motion for distribution, the Court finds it appropriate to redact the Decedent's Date of Birth and Social Security Number from Exhibit B, Certificate of Death. ECF No. 363, Ex. B. This information has no bearing on the court's approval of the settlement amounts.

### CONCLUSION

Plaintiff's motion to partially seal the motion for distribution and redact the identities of the settling parties, the settlement amount, privileged attorney-client communications and agreements, and confidential financial information such as attorney's fees and case expenses is DENIED.

Plaintiff's motion to seal is GRANTED as it relates to the identity of a non-settling party and associated settlement amount, and personal identifying information of the Decedent, including his Date of Birth and Social Security Number found at Exhibit B of Plaintiff's motion

for distribution. ECF No. 363, Ex. B.

The Clerk of Court is requested to terminate the motion at ECF No. 368.

Plaintiff is ordered to file a partially redacted motion for distribution in accordance with this Opinion & Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      October 7, 2024
            New York, New York